(134 So. 34)

## HARRIS v. BROWN.
### 2 Div. 430.

Court of Appeals of Alabama.
April 21, 1931.

Pegram & Kimbrough, of Linden, for appellant.

McKinley & McDaniel, of Demopolis, for appellee.

RICE, J.

Appellee recovered a judgment for $100 damages, for personal injuries, in a suit

against appellant alleging, in substance, that he negligently ran over or against her, etc., with an automobile.

There were no demurrers to the complaint; the plea was what is now generally known, and referred to, as the "general issue, in short by consent," etc.; and the case was tried in the court below with a commendable degree of informality as to pleading and evidence which indicated a desire on both sides to "get at the truth of the matter."

But appellant finds himself dissatisfied with the result of the jury's deliberations.

Perhaps we ought to say that "in an action to recover damages for personal injuries, where there was evidence [as here] tending to show that the plaintiff continued to suffer more or less from the injury ever since it was received [or, at least, for a considerable length of time thereafter], it is competent to ask a witness who was shown to have been with the plaintiff, as to whether or not he had heard the plaintiff give expressions of pain or suffering since he received the injuries complained of." Post. Tel. Cable Co. v. Jones, 133 Ala. 217, 32 So. 500.

The language we have just quoted disposes of, adversely to his contention, the two assignments of error upon which, apparently, chief reliance is placed, for a reversal, by appellant.

The body of our law would not be beneficially increased, by a discussion of the other assignments of error insisted upon in the argument here.

The issues in the case were simple; the evidence brief, and without serious complication. Nothing new, or novel, is involved.

The brief of appellee's counsel makes it, upon a casual reading, plausibly appear that no even technical error was committed upon the trial below. However, "we do not hold that technical error was not committed during the trial; but in the opinion of the Court to which the appeal is taken * * * after an examination of the entire cause, it * * * (does not) appear that the error (s) complained of has (have) probably injuriously affected substantial rights of the parties (appellant)." So no reversal can be predicated upon the rulings made the basis of the (other) assignments of error argued and insisted upon—and this entirely without regard to the legal accuracy, vel non, of any one, or all, of said rulings. Byrd v. Jones, ante, p. 65, 130 So. 162; Supreme Court Rule 45.

The case was fairly tried, and the judgment ought not to be disturbed. It is affirmed.

Affirmed.